IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-01869-N |
| | § | |
| ALI SIDDIQUI, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Ali Siddiqui's motion to dismiss and strike [42] and Defendant Thomas Jefferson University Hospital, Inc.'s (the "Hospital") motion to dismiss [51]. For the reasons set forth below, the Court grants in part and denies in part Siddiqui's motion and grants the Hospital's motion.

### I. Origins of the Dispute

This case arises from the end of a romantic relationship between Siddiqui and Plaintiff Jane Doe, both of whom are physicians. Doe worked at the University of Texas – Southwestern Medical Center in Dallas, Texas during the events in question, while Siddiqui worked at the Hospital in Philadelphia, Pennsylvania. Siddiqui worked with Doe on several research projects and related publications. On July 14, 2017, Doe filed suit in state court, asserting a number of claims related to the events surrounding the end of Doe and Siddiqui's relationship. Siddiqui then removed the action to this Court on grounds of improper joinder [1]. Doe now asserts claims against Siddiqui for tortious interference with contract,

tortious interference with prospective relations, invasion of privacy, stalking, identity theft, civil conspiracy, and intentional infliction of emotional distress ("IIED") [32]. Doe also asserts claims against the Hospital, a research and teaching institution, for negligent hiring, negligent supervision, and vicarious liability for Siddiqui's actions [32]. Both Siddiqui and the Hospital now move to dismiss.

## II. THE COURT GRANTS IN PART AND DENIES IN PART SIDDIQUI'S MOTION TO DISMISS

Siddiqui moves to dismiss Doe's claims and strike Doe's pseudonym [42]. The Court grants in part and denies in part Siddiqui's motion.[1]

### A. The Rule 12(b)(6) Legal Standard

When considering a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the

---

[1] Doe relies on her original petition several times in her response to Siddiqui's motion to dismiss. *See* Resp. to Siddiqui's Mot. to Dismiss ¶ 37 nn. 77–79 [49]. But Doe has twice amended her complaint. *See* Amended Complaint [23] and Second Amended Complaint ("Compl.") [32]. Because Doe's original petition is no longer a live pleading, the Court must disregard her references to her original petition in considering Siddiqui's motion to dismiss her second amended complaint.

plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, a court generally limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, a court may also consider documents outside of the pleadings if they fall within certain limited categories. First, a "court is permitted . . . to rely on 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Second, a "written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer*, 484 F.3d at 780. Third, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)). Finally, "[i]n deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)

(citations omitted); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating, in upholding district court's dismissal pursuant to Rule 12(b)(6), that "the district court took appropriate judicial notice of publicly-available documents and transcripts produced by the [Food and Drug Administration], which were matters of public record directly relevant to the issue at hand").

### B. The Court Grants Siddiqui's Motion to Dismiss Doe's Claim for Tortious Interference with Contract

To succeed on a claim for tortious interference with contract, Doe must show that (1) a valid contract existed; (2) Siddiqui willfully and intentionally interfered with the contract; (3) the interference proximately caused Doe damage; and (4) Doe suffered actual damage or loss. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002). Here, Doe alleges only that she "had a valid contract with multiple publishers and medical journals." Compl. ¶ 110 [32]. Doe's allegation is insufficient to state a claim for tortious interference with contract. *See M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 774 (S.D. Tex. 2010) (dismissing plaintiff's tortious interference with contract claim because "while [plaintiff] avers that it 'had valid contracts with certain customers,' it fails entirely to allege or designate a specific contract that is the subject of interference."). "Without identifying an existing contract that is subject to interference," Doe "has failed to plead adequately the first element of a tortious interference with contract claim." *Id*. at 775. The Court thus grants Siddiqui's motion to dismiss Doe's claim for tortious interference with contract.

### C. The Court Grants Siddiqui's Motion to Dismiss Doe's Claim for Tortious Interference with Prospective Relations

To state a claim for tortious interference with prospective relations, Doe must allege plausible facts showing (1) a reasonable probability that Doe would have entered into a business relationship with a third party; (2) Siddiqui either acted with a conscious desire to prevent the relationship from occurring or knew the interference was certain or substantially certain to occur as a result of the conduct; (3) Siddiqui's conduct was independently tortious or unlawful; (4) the interference proximately caused Doe injury; and (5) Doe suffered actual damage or loss as a result. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013). Here, Doe has failed to plead sufficient facts supporting her claim.

To survive a motion to dismiss, Doe must "show more than speculation or the bare possibility that [she] would have entered into a future business relationship." *Cooper v. Harvey*, 2016 WL 4427481, at *11 (N.D. Tex. Aug. 21, 2016) (citations omitted). Doe alleges that she worked with Siddiqui on a number of research articles and that she did not receive proper credit for her work. But Doe identifies no potential business relationship that she might have entered into with a third party. Her assertion that Siddiqui called "at least one potential professional relationship and falsely stat[ed] that Dr. Doe was not a co-author of the article and that her name had been removed," Compl. ¶ 117 [32], is insufficient. Doe does not even allege that there was a reasonable probability that she would have entered into a business relationship with the contact. Doe also alleges that Siddiqui's actions caused her "to lose prospective job opportunities, impaired [her] reputation, interfered with [her]

professional relationships and diminished [her] value in the marketplace, among other things." *Id.* ¶ 118. But in the absence of well pleaded facts supporting her allegations, Doe fails to allege sufficiently that she suffered actual damage or loss as a result of Siddiqui's conduct. Doe thus fails to state a plausible claim for tortious interference with prospective relations, and the Court grants Siddiqui's motion to dismiss Doe's claim.

### ***D. The Court Denies Siddiqui's Motion to Dismiss Doe's Claim for Invasion of Privacy***

To state a *prima facie* claim for invasion of privacy in the form of intrusion upon seclusion, Doe must plead facts showing: (1) an intentional intrusion; (2) upon her seclusion, solitude, or private affairs; (3) that would be highly offensive to a reasonable person. *Patton v. United Parcel Serv., Inc.*, 910 F. Supp 1250, 1276 (S.D. Tex. 1995). An actionable intrusion "typically involves some sort of *physical* invasion of a person's property," such as "spying, opening private mail, wire-tapping, or entering a person's residence," and "is thus conceptually a quasi-trespass tort." *Doe v. United States*, 83 F. Supp. 2d 833, 840 (S.D. Tex. 2000) (emphasis in original); *see also Billings v. Atkinson*, 489 S.W.2d 858, 861 (Tex. 1973) (holding that telephone repairman's wiretapping subscriber's home was invasion of privacy); *Clayton v. Richards*, 47 S.W.3d 149, 156 (Tex. App. – Texarkana 2001) (holding that installation of video camera in bedroom without plaintiff's knowledge or consent was invasion of privacy). But in certain circumstances, a plaintiff may assert a claim for invasion of privacy by intrusion upon seclusion even in the absence of eavesdropping or physical intrusion on another's property. *Aguinaga v. Sanmina Corp.*, No. 3:97-CV-1026-G, 1998 WL 241260, at *6–8 (N.D. Tex. May 4, 1998) (denying summary judgment on invasion of

privacy claim where plaintiff alleged that defendant took inappropriate photographs of her without her consent despite fact that defendant may not have shown photographs to others).

Here, the bulk of Doe's invasion of privacy allegations concern Jayaprakash Sreenarasimhaiah ("Sree"), a physician who is no longer a party to this action. *See* Compl. ¶¶ 98–104 [32] (setting forth claim for invasion of privacy); *see also* Notice of Dismissal Related to Dr. Jayaprakash Sreenarasimhaiah [45]. But Doe does allege that Siddiqui took a topless photograph of her without her knowledge and consent. *Id*. ¶ 47. Such an allegation is sufficient to state a claim for invasion of privacy. *See Aguinaga*, 1998 WL 241260, at *6–8. Doe also alleges that Siddiqui called and paged her repeatedly at all hours of the day and night for over a year. And "Texas courts have previously recognized repeated phone calls as actionable intrusions upon a person's seclusion or solitude based on the nature and frequency of the calls." *Cherkaoui v. Santander Consumer USA*, Inc., No. CV-H-13-467, 2013 WL 12328769, at *2 (S.D. Tex. June 7, 2013) (citing *Donnel v. Lara*, 703 S.W.2d 257, 259 (Tex. App. – San Antonio 1985, writ ref'd n.r.e.) (rejecting argument that telephone harassment as a matter of law cannot "constitute the tort of invasion of privacy"), *superseded by statute on other grounds*, TEX. CIV. PRAC. & REM. CODE ANN. § 41.004, and *Household Credit Servs., Inc. v. Driscol*, 989 S.W.2d 72, 84 (Tex. App. – El Paso 1998, pet. denied) (holding that evidence of receipt of multiple hostile debt collection calls in one day even after requests to stop was sufficient to support jury verdict against defendant on invasion of privacy claim)). The Fifth Circuit has also held that allegations of numerous rude and abusive telephone calls placed over a period of eight years "clearly

support a cause of action for invasion of privacy under Texas law." *St. Paul Fire & Marine Ins. Co. v. Green Tree Fin. Corp.-Texas*, 249 F.3d 389, 394 (5th Cir. 2001). The Court thus denies Siddiqui's motion to dismiss Doe's claim.

### E. The Court Grants Siddiqui's Motion to Dismiss Doe's Stalking Claim

To establish a *prima facie* stalking claim under Texas law, Doe must show that: (1) while Siddiqui was engaged in harassing behavior, he by acts or words threatened to inflict bodily injury on Doe or her family or threatened to commit an offense against Doe, a member of Doe's family, or Doe's property; (2) Siddiqui had the apparent ability to carry out the threat; (3) Siddiqui's apparent ability caused Doe to reasonably fear for her safety or the safety of a family member; (4) Doe at least once clearly demanded that Siddiqui stop the harassing behavior; (5) after the demand to stop, Siddiqui continued the harassment; and (6) the harassing behavior has been reported to the police as a stalking offense. TEX. CIV. PRAC. & REM. CODE ANN. § 85.003.

Here, Doe fails to sufficiently allege that Siddiqui by acts or words threatened to inflict bodily injury on Doe or her family or threatened to commit an offense against Doe, a member of Doe's family, or Doe's property. Doe alleges that Siddiqui sent her threatening emails, but pleads no facts indicating that the emails contained a threat to inflict bodily harm or commit an offense against Doe or her family. And while Siddiqui's alleged phone calls, pages, and threats to appear at Doe's apartment and work unannounced were unacceptable, they were not threats to inflict bodily harm or commit an offense against Doe or her family. Doe also fails to plead sufficient facts showing that Siddiqui's alleged threat to email

inappropriate photos of Doe to her father caused her to reasonably fear for her safety or the safety of a family member. The Court thus grants Siddiqui's motion to dismiss Doe's stalking claim.

### F. The Court Grants Siddiqui's Motion to Dismiss Doe's Identity Theft Claim

Only the Texas attorney general may bring a claim for identity theft under Texas law. *See* TEX. BUS. & COM. CODE § 521.151(a) ("The attorney general may bring an action to recover the civil penalty imposed under this subsection."). Because Doe is a private citizen, she is not a proper party to assert a cause of action for identity theft. Doe appears to concede as much by failing even to mention her identity theft claim in response to Siddiqui's motion to dismiss. The Court thus dismisses Doe's identity theft claim.

### G. The Court Denies Siddiqui's Motion to Dismiss Doe's Civil Conspiracy Claim

To establish a *prima facie* claim for civil conspiracy, Doe must show: (1) a combination of two or more persons; (2) that the persons seek to accomplish an object or course of action; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages that occur as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). "An actionable civil conspiracy requires specific intent to agree to accomplish something unlawful or to accomplish something lawful by unlawful means." *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017) (citations omitted).

Doe has alleged sufficient facts to survive Siddiqui's motion to dismiss her civil conspiracy claim. She asserts that Siddiqui and Sree conspired to, among other things,

invade her privacy. She further argues that Sree and Siddiqui had a meeting of the minds on the actions they planned to take to accomplish their goal. Doe points to Sree's access to her sealed contact information; his communications and relationship with Siddiqui; and the fact that Siddiqui knew information that Doe had communicated to Sree, but not Siddiqui, in support of her argument that Sree was Siddiqui's co-conspirator. She also notes that Sree admitted to at least one confidant that he did in fact provide Siddiqui with Doe's sealed contact information. And while Sree's accessing Doe's sealed contact information was not illegal, Doe sufficiently alleges that Siddiqui invaded her privacy, *see* Section II(D) *supra*, in furtherance of Sree and Siddiqui's scheme. Finally, Doe alleges that she saw a therapist, terminated her apartment lease early, and now lives in a state of constant fear and paranoia as a result of Sree and Siddiqui's conspiracy. Construing the complaint in the light most favorable to Doe, *see Gines*, 699 F.3d at 816, the Court holds that she has stated a civil conspiracy claim. The Court thus denies Siddiqui's motion to dismiss Doe's claim.

### H. The Court Grants Siddiqui's Motion to Dismiss Doe's Claim for Intentional Infliction of Emotional Distress

To state an IIED claim, Doe must allege that (1) Siddiqui acted intentionally or recklessly; (2) his conduct was extreme and outrageous; (3) his actions caused her emotional distress; and (4) the emotional distress was severe. *Kroger Texas Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). "Intentional infliction of emotional distress is a 'gap-filler' tort, allowing recovery in the rare instances in which a defendant intentionally inflicts severe emotional distress in an unusual manner so the victim has no other recognized theory of redress." *Von Beck-Lutes v. Arning*, 484 F. Supp. 2d 585, 588 (W.D. Tex. 2007)

(quoting *Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)). Thus, even if a plaintiff's allegations are sufficient to state an IIED claim, "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Hoffman*, 144 S.W.3d at 447 (citations omitted). Here, the gravamen of Doe's complaint is invasion of privacy. Because Doe has a recognized theory of redress outside of an IIED claim, the Court grants Siddiqui's motion to dismiss Doe's claim.

### *I. The Court Grants Siddiqui's Motion to Strike Doe's Pseudonym*

Finally, Siddiqui moves to strike Doe's pseudonym [42]. Doe responds that she has no objection to removing her pseudonym. The Court thus grants Siddiqui's motion to strike. Doe shall henceforth proceed in this litigation under her real name.

### III. THE COURT GRANTS THE HOSPITAL'S MOTION TO DISMISS

The Hospital moves to dismiss Doe's claims for lack of personal jurisdiction and failure to state a claim [51]. Because the Court lacks personal jurisdiction over the Hospital, the Court grants the motion.

### *A. Legal Standard for Personal Jurisdiction*

A nonresident defendant is subject to the jurisdiction of a federal court sitting in diversity if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) exercise of personal jurisdiction by the forum state is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). The Texas long-arm statute confers jurisdiction to the limits

of the United States Constitution. *See id.*; *see also Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984). "Because the Texas Long Arm Statute is coextensive with the confines of due process, questions of personal jurisdiction in Texas are generally analyzed entirely within the framework of the Constitutional constraints of Due Process." *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003); *see Gessmann v. Stephens*, 51 S.W.3d 329, 335 (Tex. App. – Tyler 2001, no pet.).

There are two types of personal jurisdiction: general personal jurisdiction and specific personal jurisdiction. *See Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General jurisdiction exists only when the "corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler*, 571 U.S. at 137 (cleaned up).

The other form of personal jurisdiction is specific personal jurisdiction. In the Fifth Circuit, "specific jurisdiction is a claim-specific inquiry: 'A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim.'" *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266 (5th Cir. 2006)).

Courts in the Fifth Circuit employ a three-step test in analyzing specific jurisdiction,

requiring: "(1) minimum contacts by the defendant purposefully directed at the forum state, (2) a nexus between the defendant's contacts and the plaintiff's claims, and (3) that the exercise of jurisdiction over the defendant be fair and reasonable." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 753 F.3d 521, 540 (5th Cir. 2014) (internal quotation marks omitted). The "touchstone" of the first prong's minimum contacts analysis is whether the defendant's conduct shows that she "reasonably anticipates being haled into court." *McFadin*, 587 F.3d at 759 (internal quotation marks omitted). While specific jurisdiction is possible even if the defendant's forum contacts "are only isolated or sporadic," the relevant contacts "must be more than random, fortuitous, or attenuated." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498–99 (5th Cir. 2012) (internal quotation marks omitted). "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state." *Miss. Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982).

The second prong of the specific jurisdiction test is a flexible standard that aims to ensure a "causal nexus between the [alleged] conduct and the purposeful contact" and account for "the foreseeability and fundamental fairness principles . . . upon which the specific jurisdiction doctrine rests." *Chinese-Manufactured Drywall*, 753 F.3d at 543.

If a plaintiff satisfies her burden on the first two prongs, the burden shifts to the defendants to show jurisdiction would be unfair, considering: (1) the burden on the

nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interstate judicial system's interest in efficiently administering justice, and (5) the states' shared interest in furthering fundamental social policies. *McFadin*, 587 F.3d at 759.

The plaintiff bears the burden of establishing the court's jurisdiction over a foreign defendant. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012). If a district court, as here, decides a motion to dismiss without holding an evidentiary hearing, a *prima facie* case suffices to establish jurisdiction. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Proof by preponderance of the evidence is not required. *Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

A court must accept uncontroverted allegations in the complaint as true, and it must resolve all factual conflicts favor of the plaintiff. *Pervasive Software*, 688 F.3d 214 at 220. In deciding the motion, a court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). "But even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts." *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (citations omitted).

### B. The Court Grants the Hospital's Motion to Dismiss

The Hospital now moves to dismiss Doe's claims for lack of personal jurisdiction. The Court grants the Hospital's motion.

***1. The Hospital is Not Subject to General Personal Jurisdiction in Texas.*** – As an initial matter, the Hospital is not subject to general personal jurisdiction in Texas. Doe does not allege that Texas is the Hospital's state of incorporation or principal place of business. *See Daimler*, 571 U.S. at 137 (stating that corporation's place of incorporation and principal place of business are "paradigm bases for general jurisdiction" (cleaned up)). Nor has Doe otherwise shown that the Hospital has any continuous and systematic contacts that would render it "essentially at home" in Texas. *Id*. at 122 (quoting *Goodyear*, 564 U.S. at 919). Instead, the Hospital's only contacts with Texas are incidental to its recruiting, fundraising, and faculty research collaboration activities, which occur nationwide. And courts have unanimously concluded that an out-of-state educational institution like the Hospital "is not subject to general personal jurisdiction where its only contacts with the forum state are its involvement in activities that are typical of a nationally prominent university." *Am. Univ. Sys., Inc. v. Am. Univ.*, 858 F. Supp. 2d 705, 713–14 (N.D. Tex. 2012) (collecting cases). Indeed, Doe appears to concede that the Hospital is not subject to general jurisdiction in Texas by her failure to argue to the contrary in response to the Hospital's motion to dismiss. The Court thus holds that the Hospital is not subject to general personal jurisdiction in Texas.

***2. The Hospital is Not Subject to Specific Personal Jurisdiction in Texas.*** – Doe asserts that the Hospital is subject to specific personal jurisdiction in Texas. But she

identifies no minimum contacts that the Hospital purposefully directed at Texas. *See In re Chinese-Manufactured Drywall*, 753 F.3d at 540. Instead, she points to Siddiqui's independent research activities and personal travels to Texas and asserts that Siddiqui was acting within the scope of his employment in connection with such actions. But the Hospital did not control Siddiqui's independent research and publication activities. Siddiqui has stated under oath that the Hospital did not assign, supervise, or direct his research projects and publications. Hospital's Mot. to Dismiss Ex. C ¶ 5 [51-3].[2] Nor did the Hospital compensate Doe for her work with Siddiqui on his research activities. *Id*. ¶ 6. And the Hospital did not direct or control Siddiqui's personal trips to Texas: Siddiqui has affirmed under oath that his trips to Texas were for "purely personal family reasons" and were not made for or on behalf of the Hospital. *Id*. ¶¶ 7–8. Finally, Siddiqui's writing a favorable recommendation letter for Doe on the Hospital's letterhead establishes only that Siddiqui and Doe did in fact work together on independent research and publication – not that Siddiqui was acting within the scope of his employment when he engaged in a personal relationship with Doe. If, as Doe alleges, Siddiqui did indeed use his power and influence at the Hospital to manipulate or control Doe, his conduct was wholly repugnant. But without more, it is legally insufficient to make a *prima facie* showing that the Hospital – not Siddiqui – is

---

[2] Doe objects to Siddiqui's declaration because (1) he is an interested party and (2) his statements are allegedly conclusory and thus do not qualify as jurisdictional evidence. *See* Resp. to Hospital's Mot. to Dismiss ¶ 14(c) [62]. But an interested party may submit a declaration. Indeed, Doe herself submitted a declaration. *See id*. Ex. A [62-1]. And Siddiqui's declaration contains factual statements, not impermissible legal conclusions. The Court thus overrules Doe's objections to Siddiqui's declaration.

subject to personal jurisdiction in Texas. The Court thus holds that it lacks personal jurisdiction over the Hospital and grants the Hospital's motion to dismiss.

## Conclusion

The Court grants Siddiqui's motion to dismiss all of Doe's claims except for her claims for invasion of privacy and civil conspiracy. Because Doe has twice amended her complaint, the Court grants Siddiqui's motion with prejudice. The Court grants as unopposed Siddiqui's motion to strike Doe's pseudonym. Finally, the Court dismisses Doe's claims against the Hospital for lack of personal jurisdiction.

Signed August 17, 2018.

_____
David C. Godbey
United States District Judge